UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
: 
LOVABLY INC., :
:
                  Plaintiff, :   Case No.: 1:25-cv-06614-JHR
:
    -against- :   **ORAL ARGUMENT REQUESTED**
:
LOVABLE LABS INC., :
:
                  Defendant. :
:
-------------------------------------------------------- X

**DEFENDANT LOVABLE LABS INCORPORATED'S MEMORANDUM OF LAW
IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| LEGAL STANDARD | 1 |
| ARGUMENT | 2 |
| CONCLUSION | 5 |

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*,
   131 F. Supp. 3d 196 (S.D.N.Y. 2015)......................................................................................4

*Allen v. WestPoint-Pepperell, Inc.*,
   945 F.2d 40 (2d Cir. 1991)........................................................................................................2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................................2

*Biro v. Conde Nast*,
   807 F.3d 541 (2d Cir. 2015).......................................................................................................2

*Cengage Learning, Inc. v. Google LLC*,
   2025 WL 158258 (S.D.N.Y. June 4, 2025) ..............................................................................4

*Coach, Inc. v. Horizon Trading USA, Inc.*,
   908 F. Supp. 2d 426 (S.D.N.Y. 2012)...................................................................................3, 5

*Crawford v. Franklin Credit Mgmt. Corp*,
   758 F. 3d 473 (2d Cir. 2014)..................................................................................................2, 3

*In re Elevator Antitrust Litig.*,
   502 F.3d 47 (2d Cir. 2007)........................................................................................................2

*Genial Holding Ltda v. Brazil Plural Sec., LLC*,
   2025 WL 1446370 (S.D.N.Y. May 20, 2025) ..........................................................................5

*Int'l Diamond Importers Inc. v. Oriental Gemco (N.Y.) Inc.*,
   64 F. Supp. 3d 494 (S.D.N.Y. 2014).........................................................................................3

*Kaplan v. Yun*,
   16 F. Supp. 3d 341 (S.D.N.Y. 2014).........................................................................................3

*NYU Langone Health Sys. v. Northwell Health, Inc.*,
   2024 WL 898941 (S.D.N.Y. Mar. 1, 2024) ..............................................................................5

*OSF Int'l Inc. v. Spellicy*,
   2023 WL 6599087 (N.D.N.Y. Oct. 10, 2023) ..........................................................................5

*Red Rock Sourcing LLC v. JGX LLC*,
   2024 WL 1243325 (S.D.N.Y. Mar. 22, 2024) ..........................................................................3

*Walker Wear LLC v. Off-White LLC*,
    624 F. Supp. 3d 424 (S.D.N.Y. 2022)......................................................................................4

*Weight Watchers Int'l, Inc. v. Noom, Inc.*,
    403 F. Supp. 3d 361 (S.D.N.Y. 2019)......................................................................................3

Defendant Lovable Labs Incorporated ("Lovable Labs") submits this memorandum in support of its motion to dismiss Count IV of Plaintiff Lovably Inc.'s ("Lovably") complaint (Dkt. 1) (the "Complaint" or "Compl.") which alleges a violation of New York General Business Law Section 349. Because Lovably does not allege injury to the public beyond ordinary trademark confusion, as required by the settled law of this District to state a claim under Section 349, Count IV must be dismissed.

## PRELIMINARY STATEMENT

Lovably admits that it is a branding and design company. Compl. ¶ 9. On August 11, 2025, Lovably filed the Complaint, alleging that Lovable Labs' adoption of the LOVABLE mark in connection with an artificial intelligence-based platform that enables users to build their own software applications is likely to cause consumer confusion with Lovably's purported LOVABLY mark for branding and web design services. *Id*. ¶¶ 19-21. Lovably contends that Lovable Labs' use of the LOVABLE mark is "likely to mislead the public into concluding that its products and/or services originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public" in unspecified ways. *Id*. ¶ 24. Lovably also vaguely alleges that unnamed "third parties" have "confus[ed] Lovably and Lovable [Labs]." *Id*. ¶ 27.

The Complaint asserts four causes of action: (1) trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1114 ("Count I"); (2) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) ("Count II"); (3) common law unfair competition ("Count III"); and (4) deceptive acts and practices under New York General Business Law Section 349 ("Count IV"). Compl. ¶¶ 30-72. Because Lovably fails to plead a specific and substantial injury to the public as required by the General Business Law, Count IV must be dismissed.

## LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6), a court must determine whether the pleading "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although the Court must "accept[] as true the factual allegations of the complaint and draw[] all inferences in the plaintiff's favor," *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015), the complaint must plead "enough facts to 'nudge [a plaintiff's] claims across the line from conceivable to plausible,'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. When deciding a motion to dismiss, the Court's review is "limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).

## **ARGUMENT**

Even accepting all facts alleged in the Complaint as true, Count IV must be dismissed under Rule 12(b)(6) for failure to state a claim because Lovably does not allege a specific and substantial injury to the public as required under Section 349 of New York's General Business Law.

The New York General Business Law prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York] state[.]" *Crawford v. Franklin Credit Mgmt. Corp*, 758 F. 3d 473, 490 (2d Cir. 2014) (citing N.Y. Gen. Bus. Law. § 340(a)). In order to state a claim under Section 349, a plaintiff "must prove three

elements: first, that the challenged act or practice was consumer oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Id*. (citing *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000)). To show that the defendant's action was "consumer-oriented," the plaintiff must demonstrate that it had a "broader impact on consumers at large." *Int'l Diamond Importers Inc. v. Oriental Gemco (N.Y.) Inc.*, 64 F. Supp. 3d 494, 515 (S.D.N.Y. 2014) (quoting *Shapiro v. Berkshire Life Ins. Co.*, 212 F.3d 121, 126 (2d Cir. 2000).

"[T]rademark infringement claims are not cognizable under Section 349 . . . unless there is a specific and substantial injury to the public interest over and above ordinary trademark infringement." *Coach, Inc. v. Horizon Trading USA, Inc.*, 908 F. Supp. 2d 426, 435 (S.D.N.Y. 2012) (citation modified); *see also Weight Watchers Int'l, Inc. v. Noom, Inc.*, 403 F. Supp. 3d 361, 381 (S.D.N.Y. 2019) ("While the elements for alleging false advertising and infringement under the General Business Law are otherwise similar to Lanham Act claims, the Section 349 threshold is actually higher, as there must be specific and substantial injury to the public interest over and above the ordinary trademark infringement.") (citation modified). Such "consumer injury" requires a showing that "the public's health or safety is at stake as a result of the alleged infringement." *Int'l Diamond Imp, Inc.*, 64 F. Supp. 3d at 525 (citation omitted). In other words, ordinary consumer confusion, without more, is insufficient to state a claim. *See Kaplan v. Yun*, 16 F. Supp. 3d 341, 352 (S.D.N.Y. 2014) (dismissing Section 349 claim in a trademark infringement action because "the alleged deceptive acts of [sic] practices of the defendants in this case are precisely the acts that constitute the alleged trademark infringement, which are outside the scope of the statute[]") (citation modified); *Red Rock Sourcing LLC v. JGX LLC*, 2024 WL 1243325, at *36 (S.D.N.Y. Mar. 22, 2024) (same, ruling "[i]t is well established that trademark infringement

3

actions alleging only general consumer confusion do not threaten the direct harm to consumers for purposes of stating a claim under section 349") (citation omitted).

Ordinary consumer confusion is all that Lovably alleges. It simply claims that Lovable Labs' "actions are likely to mislead the public into concluding that its products and/or services originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public." Compl. ¶ 24. Other than this cursory and wholly unsupported assertion, Lovably does not plead a single fact that could support a finding of injury to the public. In its pleading of the elements in Count IV (*id*. ¶¶ 66-72), Lovably merely reiterates the same conclusory allegation, that "Defendant's use of Plaintiff's name, marks and/or other intellectual property is causing, and is likely to cause, confusion, mistake, and deception among the general purchasing public as to the origin of the Defendant's online products and services, and is likely to deceive the public into believing that products and/or services being offered for sale by Defendant originate from, are associated with, or are otherwise authorized by Plaintiff." *Id*. ¶ 70.

Courts in this District routinely reject Section 349 claims based on nearly identical allegations that consumers will be confused about the origin of the parties' respective goods and services. *See Walker Wear LLC v. Off-White LLC*, 624 F. Supp. 3d 424, 432 (S.D.N.Y. 2022) (granting motion to dismiss Section 349 claim where the only asserted injury to the public was "multiple instances of actual confusion" because "this alleged injury—confusion and deception of the consuming public—is not distinct from the very harm that trademark laws generally seek to redress") (citation modified); *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*, 131 F. Supp. 3d 196, 217 (S.D.N.Y. 2015) (dismissing Section 349 claim where the only harm alleged was that the "Defendants' actions are likely to cause confusion, mistake or deception as to source or origin") (citation omitted); *Cengage Learning, Inc. v. Google LLC*, 2025 WL 158258, at *14 (S.D.N.Y.

4

June 4, 2025) (dismissing Section 349 claim where plaintiffs' allegation "that consumers were diverted" to the defendant's products was "not meaningfully different from the allegation underlying their Lanham Act claim"); *Genial Holding Ltda v. Brazil Plural Sec., LLC*, 2025 WL 1446370, at *7 (S.D.N.Y. May 20, 2025) (dismissing claim where the only harm to public alleged was "the unauthorized use of Plaintiffs' marks" which was "creating and likely to create further confusion") (citation omitted).[1]

Where, as here, the only allegation is that Lovable Labs has adopted a trademark that is supposedly likely to cause confusion among consumers, Lovably fails to allege a "specific and substantial injury to the public interest over and above the ordinary trademark infringement." *Coach, Inc.*, 908 F. Supp. 2d at 435. Accordingly, the Section 349 claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court dismiss Count IV of the Complaint.

---

[1] Courts have dismissed Section 349 claims even where the plaintiff alleges consumer confusion as to services that directly implicate public health and safety. *See NYU Langone Health Sys. v. Northwell Health, Inc*., 2024 WL 898941, at *7 (S.D.N.Y. Mar. 1, 2024) (dismissing Section 349 claim where plaintiff hospital system alleged defendant hospital system's use of confusingly similar trademark "implicates[] the public interest" in its "choice of healthcare"); *OSF Int'l Inc. v. Spellicy*, 2023 WL 6599087, at *8 (N.D.N.Y. Oct. 10, 2023) (finding "the state's public health and safety interest in regulating and controlling alcoholic beverages … too attenuated" to state a claim under Section 349). Since such allegations are insufficient to survive a motion to dismiss, confusion as to Lovably's design services falls far short of the line.

Dated: October 2, 2025

Respectfully submitted,

COOLEY LLP

By:   <u>*/s/John Paul Oleksiuk*</u>
      John Paul Oleksiuk
      Stephanie J. Schuyler

55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6000
Email: jpo@cooley.com
       sschuyler@cooley.com

Kira McCarthy (*pro hac vice*)
COOLEY LLP
500 Boylston Street
Boston, MA 02116-3736
Phone: (617) 937-2300
Email: kmccarthy@cooley.com

*Attorneys for Defendant Lovable Labs Incorporated*

## CERTIFICATION OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1

I hereby certify the foregoing Memorandum of Law in Support of Its Partial Motion to Dismiss Plaintiff's Complaint, excluding the caption, table of contents, table of authorities, and signature block, comprises 1,616 words, and complies with Local Civil Rule 7.1.

Dated: October 2, 2025

Respectfully submitted,

COOLEY LLP

By:  /s/John Paul Oleksiuk
     John Paul Oleksiuk
     Stephanie J. Schuyler

55 Hudson Yards
New York, NY  10001-2157
Phone:  (212) 479-6000
Email:  jpo@cooley.com
      sschuyler@cooley.com

Kira McCarthy (*pro hac vice*)
COOLEY LLP
500 Boylston Street
Boston, MA  02116-3736
Phone:  (617) 937-2300
Email:  kmccarthy@cooley.com

*Attorneys for Defendant Lovable Labs Incorporated*