UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOVABLY INC., <br><br> Plaintiff, <br><br> -against- <br><br> LOVABLE LABS INC. <br><br> Defendant. | Case No. 1:25-cv-06614-JHR <br><br> **FIRST AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Lovably Inc. ("Plaintiff" or "Lovably"), for its first amended complaint against Defendant Lovable Labs Inc. ("Defendant" or "Lovable"), to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit to protect the substantial goodwill that it has developed over the past decade in its distinctive LOVABLY trademark, as evidenced in U.S. Registration No. 4977328 (the "LOVABLY Mark"). Plaintiff's federally registered trademark has gained a reputation as being a source of high-quality branding and web creation, design, development, and maintenance services.

2. The goodwill and reputation for quality that Plaintiff has worked so hard to cultivate is being threatened by Defendant's actions. Defendant has used and continues to use its LOVABLE word mark and logo, as applied for in U.S. Serial Nos. 99194755 and 99194794 (the "LOVABLE Mark"), which is confusingly similar to Plaintiff's LOVABLY Mark, to offer and sell competing services to many of the same consumers served by Plaintiff. Defendant's adoption and continued use of the nearly identical LOVABLE Mark for overlapping web creation and design services has caused (and continues to cause) substantial consumer confusion, diversion of

online traffic, misdirected business inquiries, reputational harm, and a loss of control over Plaintiff's brand identity.

3. Since the filing of the original Complaint, the PTO has issued an Office Action on October 7, 2025 refusing Defendant's trademark application under Section 2(d) of the Lanham Act because the PTO found Defendant's LOVABLE Mark to be confusingly similar to Plaintiff's LOVABLY Mark, for legally identical services. *See* Office Action annexed hereto as "**Exhibit A**." The PTO determined that:

- "LOVABLE is confusingly similar to the registered mark LOVABLY";
- "The terms LOVABLE and LOVABLY have identical dictionary definitions";
- "The word portions of the marks are nearly identical in appearance, sound, connotation, and commercial impression"; and
- Plaintiff and Defendant's goods and services are "legally identical."

4. The PTO's independent findings reinforce and confirm Plaintiff's allegations that Defendant's use of the LOVABLE Mark creates a likelihood of confusion in the marketplace and materially misleads consumers as to the origin and affiliation of the parties' services.

5. This action seeks injunctive relief, damages, and other appropriate relief arising from Defendant's willful acts of trademark infringement and unfair competition.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendant because it transacts business in New York concerning acts, transactions and circumstances relating to the claims alleged herein, and has caused harm and tortious injury to Plaintiff in New York.

8. Venue for this action properly lies in this district pursuant to 28 U.S.C. § 1391 for the same reasons that personal jurisdiction over Defendant in New York is proper and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## PARTIES

9. Plaintiff Lovably Inc. is a New York corporation with its principal place of business in New York, New York.

10. Defendant Lovable Labs Inc. is a Delaware corporation with a registered office located in Newark, Delaware.

## FACTS

11. Plaintiff has offered and sold branding and web creation, design, development, and maintenance services in the United States under the LOVABLY Mark since September 22, 2015. It has used the LOVABLY Mark continuously in United States commerce since that time.

12. Plaintiff is the owner of a federal trademark registration, Reg. No. 4977328, which issued on June 14, 2016, on the Principal Register of the United States Patent and Trademark Office covering branding services, namely, consulting, development, management and marketing of brands for businesses and/or individuals, as well as the creation, design, development and maintenance of Web sites for third parties.

13. The right to use this trademark has become incontestable under the provisions of 15 U.S.C. § 1065. The registration is valid and subsisting and has never been cancelled.

14. The LOVABLY Mark is inherently distinctive as applied to Plaintiff's services that bear the LOVABLY Mark.

15. Plaintiff's services are offered and sold nationwide and internationally under the LOVABLY Mark as advertised on its website, https://www.lovably.com.

16. Plaintiff's services offered under the LOVABLY Mark have been featured in online articles and its active social media pages.

17. Plaintiff has invested substantial time, effort, and financial resources promoting the LOVABLY Mark in connection with the marketing and sale of its services in interstate commerce.

18. The LOVABLY Mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality products, and its goodwill. The consuming public recognizes the LOVABLY Mark and associates it with Plaintiff.

19. Notwithstanding Plaintiff's established rights in the LOVABLY Mark, Defendant adopted and used the confusingly similar LOVABLE Mark in interstate commerce in connection with the sale and offering for sale of web development and design services since 2023.

20. Upon information and belief, Defendant did not conduct a trademark clearance search before applying for the LOVABLE Mark.

21. Defendant offers, advertises, and sells its web creation, design, development, and maintenance services primarily through the internet. It also owns the https://lovable.dev domain name and offers, advertises, and sells its services at the website connected to that domain name. It has advertised its services under the infringing trademark on various forms of social media. The services offered by Defendant are identical or highly similar to those offered by Plaintiff under its LOVABLY Mark – namely, website design, development, and related creative services. Indeed, the PTO has recognized web creation services as a single class of goods and services (International

4

Class 042), confirming that both parties' offerings fall within the same category and are therefore directly competitive.

22. Defendant's LOVABLE Mark as it appears in Defendant's application for trademark registration is depicted below:



23. Defendant's trademark as it appears on its website is depicted below:



24. Defendant has used and continues to use the infringing LOVABLE Mark in connection with the sale, offering for sale, and advertising of its services.

25. Defendant has engaged in its infringing activity despite having constructive notice of Plaintiff's federal registration under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Plaintiff's use of the LOVABLY Mark.

26. Defendant's actions are likely to mislead the public into concluding that its products and/or services originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public. Plaintiff has no control over the quality of products and/or services sold by Defendant and because of the source confusion caused by Defendant, Plaintiff has lost control over its valuable goodwill.

27. Upon information and belief, Defendant has advertised and offered its services for sale using the LOVABLE Mark with the intention of misleading, deceiving, or confusing consumers as to the origin of its services and of trading on Plaintiff's reputation and goodwill.

28. Defendant's use of its LOVABLE Mark constitutes willful, deliberate, and intentional trademark infringement.

29. Plaintiff is aware of numerous instances of actual confusion, having been contacted by third parties confusing Lovably and Lovable.

30. Defendant's services offered under the LOVABLE Mark are subject to negative press regarding those services.

31. Plaintiff has requested in writing that Defendant cease and desist from its infringing actions, but Defendant has not responded to these requests in good faith and has failed to comply with them.

32. The PTO issued an Office Action on October 7, 2025 refusing Defendant's trademark application based on a likelihood of confusion with Plaintiff's registered mark.

33. The PTO's analysis confirms that Defendant's use of the LOVABLE Mark misleads consumers as to the source and sponsorship of the services they receive, validating Plaintiff's allegations of ongoing marketplace confusion.

34. These findings, made after independent examination, contradict Defendant's arguments that the marks are dissimilar or that confusion is speculative.

35. Defendant's continued use of the LOVABLE Mark after the PTO's refusal constitutes ongoing infringement, deception, and unfair competition.

## COUNT I
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

36. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

37. Plaintiff owns all right, title and interest in and to the LOVABLY Mark.

38. Defendant has used or intends to use in commerce the LOVABLE Mark in a manner that is likely to cause confusion, mistake, or deception with respect to Plaintiff's LOVABLY Mark, and is likely to confuse, mistake, or deceive purchasers as to the affiliation, connection, approval, sponsorship or association of Plaintiff and/or its products, services, and commercial activities, on the one hand, with Defendant and/or its respective products, services, or commercial activities, on the other hand.

39. Defendant's acts constitute infringement of the LOVABLY Mark under 15 U.S.C. § 1114.

40. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its LOVABLY Mark, business reputation, and goodwill. Defendant will continue to use, unless restrained, the LOVABLE Mark or marks confusingly similar to the LOVABLY Mark and will cause irreparable damage to Plaintiff.

41. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement.

42. Plaintiff is further entitled to recover from Defendant the actual damages that it has sustained and/or is likely to sustain as a result of Defendant's wrongful acts.

43. Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.

44. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of exemplary damages under the common law, and treble damages and increased profits under 15 U.S.C. § 1117.

## COUNT II
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A)

45. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

46. Plaintiff owns all right, title and interest in and to the LOVABLY Mark.

47. Defendant has used or intends to use in commerce marks that are substantially similar to the LOVABLY Mark.

48. Defendant's unlawful acts are and were intended to capitalize on Plaintiff's goodwill for Defendant's own pecuniary gain.

49. Defendant's unauthorized use of the LOVABLE Mark has caused and is likely to cause confusion as to the source of Defendant's products and services, all to the detriment of Plaintiff.

50. Defendant's conduct as alleged herein, including its unauthorized use of the LOVABLE Mark, constitutes a false designation of origin as such conduct is likely to cause confusion and/or to deceive users and consumers as to the origin, sponsorship, affiliation, connection and/or association of Plaintiff with Defendant's products and services.

51. Defendant's online products and services bearing the LOVABLE Mark are calculated and intended to deceive and are likely to deceive consumers into believing that they are Plaintiff's products and/or Plaintiff is associated with Defendant's products and services.

52. Defendant is capitalizing on and profiting from the likely consumer confusion between its infringing online products and services bearing the LOVABLE Mark.

53. Plaintiff has not approved or authorized Defendant's use of the LOVABLE Mark.

54. Defendant's conduct is willful and deliberate and done with the intent to unfairly commercially benefit from the goodwill associated with Plaintiff and Plaintiff's brand and trademark.

55. The foregoing acts of Defendant constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

56. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its trademark, business reputation and goodwill. Defendant will continue to use, unless restrained, the LOVABLE Mark or marks confusingly similar to the LOVABLY Mark and will cause irreparable damage to Plaintiff.

57. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement.

58. Plaintiff is further entitled to recover from Defendant the actual damages that it has sustained and/or is likely to sustain as a result of Defendant's wrongful acts.

59. Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.

60. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of exemplary damages under the common law, and treble damages and increased profits under 15 U.S.C. § 1117.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

61. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

62. Plaintiff owns all right, title and interest in and to the LOVABLY Mark.

63. Consumers identify the LOVABLY Mark exclusively with Plaintiff.

64. Plaintiff has expended substantial time, resources, and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the LOVABLY Mark.

65. Defendant has infringed the LOVABLY Mark by using the LOVABLE Mark without authorization. Defendant's unlawful acts are intended to capitalize on Plaintiff's goodwill for Defendant's own pecuniary gain.

66. Defendant's use of the LOVABLE Mark is calculated to and is likely to create confusion and to deceive and mislead consumers into believing that Defendant's products and services originate with or are authorized by Plaintiff, and is likely to cause confusion as to the source of Defendant's products and services, all to the detriment of Plaintiff.

67. Defendant's acts as alleged herein constitute unfair competition and will, unless enjoined by the Court, continue to result in harm to the goodwill associated with Plaintiff.

68. Defendant committed the acts alleged herein willfully and with the intent to confuse the public and to injure Plaintiff.

69. The acts of Defendant have caused and are causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

70. As a direct and proximate result of Defendant's actions as stated herein, Plaintiff has suffered damage to the goodwill of the LOVABLY Mark.

71. Plaintiff is entitled to exemplary damages as a result of Defendant's malicious actions as described above.

**COUNT IV**
**DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK GEN. BUS. L. § 349**

72. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

73. Plaintiff owns all right, title, and interest in and to the LOVABLY Mark.

74. Consumers identify the LOVABLY Mark exclusively with Plaintiff.

75. Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's rights, Defendant has offered products and/or services for sale to the public in direct competition with Plaintiff.

76. Defendant's adoption and use of the LOVABLE Mark is a consumer-oriented deceptive practice. Defendant markets its services in the same digital channels where consumers search for Lovably, *e.g.*, Google and social media, thereby misdirecting consumers and preventing them from making informed choices.

77. Defendant's use of Plaintiff's name, marks and/or other intellectual property is causing, and is likely to cause, confusion, mistake, and deception among the general purchasing public as to the origin of the Defendant's online products and services, and is likely to deceive the public into believing that products and/or services being offered for sale by Defendant originate from, are associated with, or are otherwise authorized by Plaintiff.

78. Defendant's use of the LOVABLE Mark in nearly identical form to the LOVABLY Mark has resulted in confusion not only among consumers, but also across the algorithms and platforms through which consumers discover design services. Search engines and AI systems routinely conflate "Lovably" and "Lovable," directing prospective customers to the wrong entity.

11

79. The confusion has caused Plaintiff to receive misdirected communications from job applicants and vendors referring to "Lovable" instead of "Lovably." This confusion deprives consumers of accurate information about who provides the services they are seeking, an injury squarely within § 349's protective scope.

80. Defendant's conduct is materially misleading because consumers searching for Plaintiff's established brand are diverted to Defendant's AI-based platform under a nearly identical name. Such deception impairs the public's ability to distinguish between Plaintiff's professional, human-driven design services and Defendant's automated AI-based services.

81. Defendant's conduct has caused actual and ongoing public injury by: (i) misdirecting consumer searches and inquiries intended for Plaintiff; (ii) confusing media outlets and public databases that inform consumer choices; (iii) associating Plaintiff's brand with Defendant's well-publicized data and security breaches, which as the Court noted in its August 18, 2025 Decision on Plaintiff's TRO Application, "made national headlines" that "could jeopardize plaintiff's reputation"; and (iv) corrupting search algorithms that influence consumers' purchasing decisions, thereby distorting fair competition and consumer awareness.

82. These are consumer-facing harms that extend well beyond ordinary trademark confusion. Defendant's deception affects the integrity of online markets and the public's ability to rely on truthful indicators of source and quality in purchasing web creation services.

83. Defendant's misrepresentations and the resulting confusion are ongoing and likely to continue.

84. Defendant's deceptive acts and practices involve public sales activities of a recurring nature.

85.     The acts of Defendant have caused and are causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

## REQUEST FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

A.     Entering a judgment that Plaintiff's registered LOVABLY Mark has been and continues to be infringed by Defendant in violation of 15 U.S.C. § 1114;

B.     Entering a judgment that Defendant's use of its LOVABLE Mark constitutes federal unfair competition in violation of 15 U.S.C. § 1125;

C.     Entering a judgment that Defendant's use of its LOVABLE Mark constitutes common law unfair competition under New York law;

D.     Entering a judgment that Defendant's use of its LOVABLE Mark violates the New York Gen. Bus. L. (GBL) § 349;

E.     Permanently enjoining and restraining the Defendant and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the LOVABLE Mark, with or without its accompanying logo or any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute, or identify Defendant's products where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's LOVABLY Mark;

F.     Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and

under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

G. Pursuant to 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, and other material in their possession bearing the infringing designation;

H. Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendant any trademark registration for its LOVABLE Mark or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception with Plaintiff's LOVABLY Mark, including, but not limited to, Serial No. 99194794 and 99194755, or ordering cancellation of any such registrations previously granted to Defendant;

I. Ordering Defendant to transfer the https://lovable.dev domain name to Plaintiff;

J. Awarding Plaintiff all damages it sustained as the result of Defendant's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

K. Awarding Plaintiff all profits received by Defendant from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting, pursuant to 15 U.S.C. § 1117;

L. Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and

M. Granting Plaintiff such other and further relief as the Court may deem just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated: New York, New York
      October 21, 2025

                                                              **THOMPSON LLP**

                                By: */s/ Andrew Goldenberg*
                                      Andrew Goldenberg, Of Counsel
                                      Benjamin S. Thompson
                                      75 Broad Street, Suite 2120
                                      New York, NY 10004
                                      Tel. 212.920.6050
                                      Email: agoldenberg@thomplegal.com